## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| SHERRY GAUL, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> CHECKPEOPLE, LLC, <br><br> *Defendant.* | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sherry Gaul ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant CheckPeople, LLC ("CheckPeople" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF ACTION

1. Defendant owns and operates a website that sells "Reports" on people to the general public.

2. Defendant sells access to its reports on its website: checkpeople.com.

3. Upon accessing CheckPeople's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

4. After entering this information, any public user of CheckPeople's website is provided with a listing of search results. Each search result corresponds to an actual person that CheckPeople has located who matches the name provided by the public user.

5. These search results provide an initial, free preview of Defendant's "Reports." As shown below, this first free preview includes the searched individual's name (including middle

initials), age, current city and state of residence, the searched individual's relatives, and other identifying information. *See* Figure 1.



(**Figure 1**)

6. Clicking on "Open Report" takes a user through several subsequent screens that tout the amount of information accessible on Defendant's website.

7. Next, Defendant's website displays another free preview advertisement using the searched individual's name and other identifying information. *See* Figure 2.



(**Figure 2**)

2

8. After clicking "Continue To Report", a user is encouraged to enter personal details and click "Access & Continue", which introduces Defendant's pay screen. See Figure 3.



**(Figure 3)**

3

9. As shown in the screen flows presented above, CheckPeople's free previews provide enough information to identify an individual.

10. The purpose behind CheckPeople's free previews is singular: to advertise and convince visitors to enroll in and ultimately purchase its monthly subscription services, whereby users can access and retrieve "Reports" on any individual in its database.

11. As of October 26, 2021, to view any person's "Report" or other background histories generated by the Defendant, a user must start a "3-Day Trial Pass" of Defendant's subscription services for $4.99, which automatically converts into a recurring, negative option subscription package costing $29.16 every month.

12. By previewing her information in connection with offers to subscribe to its services, Defendant uses Plaintiff's personal identifiable information to entice viewers to purchase Defendant's subscription service.

13. The free preview and trial subscription are part of Defendant's overall efforts to sell its monthly subscription packages, which allows users to search the records of anyone on its database.

14. CheckPeople compiles and generates the content it sells on its website, including the advertising detailed herein.

15. The Illinois Right of Publicity Act ("IRPA") prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

16. Neither Plaintiff nor class members provided Defendant with written consent to use their identities in Defendant's advertisements. As detailed above, CheckPeople uses class members' identities to advertise its for-profit services. Thus, Defendant violates the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*

17. Defendant purposefully subjects itself to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois residents. Indeed, this lawsuit revolves around Defendant's business practice of acquiring

identifying information about Illinois residents with the specific intent of selling that information to its customers.

18. Additionally, Defendant directly sells its services to consumers in Illinois.

## PARTIES

19. Plaintiff Sherry Gaul, formerly known as Sherry Rider, is a citizen of Illinois who resides in Normal, Illinois.

20. Defendant CheckPeople, LLC is a Delaware limited liability company with its principal place of business located at 111 North Orange Avenue, Orlando, Florida 32801.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, is a citizen of a state different from CheckPeople.

22. This Court has specific personal jurisdiction over Defendant because CheckPeople purposely advertises its product in this District using Plaintiff's personal information and Plaintiff's injuries resulted from Defendant's purposefully directed activities in this District.

23. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

24. Plaintiff discovered that CheckPeople uses her name, age, city of domicile, and the identity of her relatives in advertisements on the CheckPeople website to advertise and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Figures 1-3.

25. Plaintiff believes that it is reasonable that others could identify her because

Defendant's advertisements include accurate details about her.

26. Indeed, Plaintiff can confirm that the individual identified by Defendant in Figures 1-3 is herself.

27. Plaintiff never provided CheckPeople with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

28. Plaintiff is not and has never been a CheckPeople customer. She has no relationship with CheckPeople whatsoever.

29. As the subject of a commercial transaction, Plaintiff's personal identifiable information disclosed by CheckPeople has commercial value. These aspects of Plaintiff's persona are valuable to online advertisers, among others. Consumers regularly pay Defendant for this personally identifiable information.

30. Plaintiff has not been compensated by CheckPeople in any way for its use of her identity.

## CLASS REPRESENTATION ALLEGATIONS

31. Plaintiff seeks to represent a class defined as all Illinois residents who have appeared in an advertisement preview for a CheckPeople report (the "Class").

32. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

33. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

      a.      Whether CheckPeople uses Class members' names and identities in advertisements for its own commercial benefit;

      b.      Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*;

      c.      Whether Plaintiff and the Class are entitled to injunctive relief;

      d.      Whether Defendant was unjustly enriched; and

      e.      Whether Defendant violated the privacy of members of the Class.

34.      The claims of the named Plaintiff are typical of the claims of the Class.

35.      Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

36.      The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## COUNT I
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*

37. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

38. Plaintiff brings this claim individually and on behalf of the members of the Class.

39. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

40. As shown above, Defendant used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

41. Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

    b.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.   For all injunctive relief the Court finds appropriate; and

h.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 1, 2021                Respectfully submitted,

**SHERRY GAUL**,
individually and on behalf of all others similarly situated

By: /s/ Benjamin S. Thomassen
One of Plaintiff's Attorneys

Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff and the putative class*

9