UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHERRY GAUL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-1313-JES-JEH |
| CHECKPEOPLE, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and Plaintiff's Response. For the reasons indicated herein, Defendant's Motion to Dismiss (Doc. 7) is DENIED.

### BACKGROUND

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United States Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). Plaintiff asserts an action under the Illinois Right of Publicity Act ("IRPA") which prohibits the "use [of] an individual's identity for commercial purposes" without consent. 765 ILCS 1075/30(a). Plaintiff claims that Defendant CheckPeople violated the IRPA when it allegedly used her personal information, without her consent, on its internet platform.

Defendant owns and operates CheckPeople.com, a site accessible by the public. A visitor to the site may, without charge, obtain preliminary information on an individual by entering that person's first and last name into the search engine. The viewer will receive information related to others with that same name, including age, residence, and family members. The viewer can choose which particular individual they wish to search from the list. When a specific name is

chosen, the viewer receives an "Open Report" prompt. If "Open Report" is clicked, the viewer is taken to a "Continue to Report" screen and separate webpage. There, the viewer is to enter his own personal information before being taken to Defendant's "Pay Screen." Plaintiff asserts, and Defendant does not dispute, that the pay screen does not offer the option to purchase a report on the individual who is the subject of the search. Rather, the viewer must agree to enroll in a monthly subscription service to obtain unlimited access to information on the identified individual as well as all others in the Defendant's database. There is no mechanism for purchasing a single report.

Plaintiff alleges that Defendant breached the IRPA when it displayed her name, age, city and state of residence, and known relatives, without her consent. Plaintiff asserts that displaying this information which was "accessible to anyone with an Internet connection," was an unconsented public use of her identity under the IRPA. Plaintiff also asserts that this information was used for a commercial purpose, that Plaintiff's identity was used to induce viewers to pay for a monthly subscription service. Plaintiff asserts the claims on behalf of herself, and a putative class of other similarly situated individuals residing in Illinois.

Defendant has moved to dismiss Plaintiff's complaint, asserting that she has failed to plead a public use of her identity where she has only alleged that she, not others, viewed her identifying information. Defendant explains that one would not see Plaintiff's name or information merely by accessing the site. Rather, an individual would have to type in Plaintiff's first and last name before seeing her information. Defendant asserts that this is not a public use of Plaintiff's identity, and she has only pled a "self-generated non-public use." (Doc. 7 at 9). Defendant also argues that if it were found that advising viewers of available searchable

information violated the IRPA, it would have a "dire effect" on many free and paid services including Westlaw, LexisNexis and Google.

Lastly, Defendant asserts that Plaintiff's class allegations must be dismissed as the purported class is not ascertainable under Fed. R. Civ. P. 23(a). Defendant claims that it does not have a means of identifying those individuals whose information was accessed in the free previews. In addition, it cannot determine whether a name used in a search is that of an Illinois resident and potential class member, or a resident of another state who shares the same name. Defendant claims that as a result, there is no "precise, objective criteria" by which Plaintiff could identify potential class members. Plaintiff responds that consideration of the sufficiency of the class allegations at this juncture is premature and unwarranted.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept well-pleaded allegations in a complaint as true and draw all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

The IRPA was enacted in 1999 to recognize an individual's "right to control and to choose whether and how to use [their] individual identity for commercial purposes." 765 ILCS 1075/10. To plead a prima facie IRPA claim, Plaintiff must establish that her identity was used, without her consent, for a commercial purpose. *Vrdolyak v. Avvo*, Inc., 2016 F. Supp. 3d 1384, 1386 (N.D. Ill. 2016) (citation omitted); 765 ILCS 1075/30(a). The statute defines "identity" as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." "Commercial purpose" is defined in part, as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services…" 765 ILCS 1075/5.

Count I: Public Use or Holding Out of Plaintiff's Identity

The issue before the Court is whether Plaintiff has satisfied the pleading standards for her IRPA claim. Defendant does not dispute that the information on its website went to Plaintiff's "identity" as contemplated under the IRPA. *See also*, *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746, 761, (N.D. Ill Oct. 27, 2020) (finding that plaintiff's name with middle initial, age range, telephone numbers, address, and name of relative displayed in a free preview amounted to his "identity"). Defendant asserts, however, that Plaintiff cannot establish a public use of her identity where only she, and perhaps her attorney, are known to have accessed her information. Defendant claims that without alleging that others have viewed it, Plaintiff cannot establish that her identity was disseminated to the public.

Under the IRPA "public use means that some substantial number of people saw or were exposed to a person's identity." *Fischer v. Instant Checkmate LLC*, No. 19-4892, 2022 WL 971479, at *10 (N.D. Ill. Mar. 31, 2022). *See also*, *Trannel v. Prairie Ridge Media, Inc.*, 987 N.E.2d 923, 929 (Ill. App. Ct. 2d Dist. 2013) (defining "public" as "the 'aggregate of the citizens' or 'everybody' or the 'people at large' or the 'community at large.'") (internal quotation marks omitted.) Here, Plaintiff does not particularly plead that the public at large viewed the free preview information attached to her name, but cites caselaw to support that at the pleadings stage, she need not identify those who searched her name. *See Siegel v. Zoominfo Techs., LLC*, 21 C 2032, 2021 WL 4306148, at *3–4 (N.D. Ill. Sept. 22, 2021) (rejecting defendant's request to dismiss because plaintiff had not identified those who viewed her information). *See also*, *Krause v. RocketReach, LLC*, 561 F. Supp. 3d 778, 782 (N.D. Ill. 2021) (finding it was sufficient for plaintiff to plead the use of her identity on defendant's database without identifying any who viewed it.)

In addition, Plaintiff successfully pleads a "holding out" under the IRPA. That is, "the representation—of an individual's identity on or in connection with certain activities." *See Trannel v. Prairie Ridge Media, Inc.,* 987 N.E.2d 923, 930 (Ill. App. Ct. 2d Dist. 2013) (placing plaintiffs' consented-to magazine photograph in a non-consented media kit was an actionable holding out, notwithstanding that the kit was only sent to 31 advertisers). *See also Fisher,* 2022 WL 971479, at *10 ("holding out does *not* require that the individual's identity was seen by others.") (emphasis in original). Plaintiff's allegations regarding the Defendant's use of her identity on its website are sufficient to satisfy the "public use" and "holding out" requirements of IRPA, at least at this stage of the proceedings.

Count II: Commercial Purpose

As previously noted, Plaintiff needs to establish that Defendant made a public use of her identity for a commercial purpose. Defendant denies that the site's initial previews amount to a commercial purpose as, in response to a viewer query, it simply identifies individuals by that name whose records are contained in the database. In support, Defendant cites *Dobrowolski v. Intelius,* No. 17-1406, 2018 WL 11185289, at *1 (N.D. Ill. May 21, 2018). There, plaintiff's name was used on defendant's "marketing page." The marketing page displayed a listing of those individuals who matched the name entered by the viewer. A preview was provided which gave some information as to each individual, with the opportunity to purchase a report as to each. There, the court found that the plaintiffs' identities were not used for a commercial purpose, to promote a product, but rather to directly sell plaintiffs' identifying information. *See id*. at *3 ("plaintiffs' identities are part of the product offered for sale.").

Defendant also cites a series of other right of publicity cases to support that it is permissible to use an individual's identity when that identity is inexorably linked to the product itself. *See Thompson v. Getty Images (US), Inc.*, No. 13-1063, 2013 WL 3321612, at *2 (N.D. Ill. July 1, 2013) (a photograph is not used for a commercial purpose if shown to someone who is contemplating buying that photograph). Defendant also cites *Nieman v. Versuslaw, Inc.*, No. 12-3104, 2012 WL 3201931 (C.D. Ill. Aug. 3, 2012), *aff'd*, 512 F. App'x 635 (7th Cir. 2013), where users could enter a name into defendant's website and, for a fee, obtain records as to the named individual. The court found that this did not violate the IRPA, as the plaintiff's "name is not being held out or used to entice anyone to buy a product." *Id*. at *4.

Plaintiff distinguishes the *Dobrowolski* line of cases, pointing out that they only concerned circumstances where the image of a product was used to sell the product itself.

6

Plaintiff gives the example of a photo of a book being used to sell that book. (Doc. 13 at 13). Plaintiff asserts here, that her identity was not used to sell a more detailed report of her information but, rather, to sell a different product, Defendant's subscription services. Plaintiff cites *Lukis*, 454 F. Supp. 3d 746, which the Court finds closely analogous to this case. There, too, a viewer searching a name on defendant's website would be offered a monthly subscription package for access to background reports of those in defendant's database. There, the court found that plaintiff's identity "was not part and parcel of the entire product or service being advertised…," distinguishing *Dobrowolski*. The *Lukis* court characterized facts strikingly similar to the ones here as "a textbook example under the IRPA of using a person's identity for a commercial purpose." *Id*. at 760.

The Plaintiff asserts here, as did the plaintiff in *Lukis*, that someone entering her name into the database would be solicited to buy Defendant's subscription service, not to purchase additional personal information on Plaintiff. Plaintiff has successfully pled that her name was used to entice anyone entering that name into buying a monthly subscription to Defendant's services. In fact, Plaintiff makes the unchallenged claim that there is no option for a viewer to purchase a report related only to her, but only to subscribe to Defendant's services for access to reports on all individuals in the database. This clearly distinguishes this case from those cited by Defendant. The Court finds that Plaintiff has sufficiently pled an IRPA claim.

<u>Motion to Strike Class Allegations</u>

"The standard for evaluating whether class allegations should be stricken is the same as that for class certification, and is laid out in Rule 23(a)." *Valentine v. WideOpen W. Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012). A party seeking class certification must meet four requirements: numerosity, commonality, typicality, and adequate representation. *Id*.; Fed. R. Civ.

P. 23(a). Defendant does not argue the merits of class certification, instead asserting that before considering the requirements of Rule 23(a), Plaintiff "must be able to show that a class exists." (Doc 7 at 13-14). *Wisconsin Dep't of Health & Soc. Servs. V. Upholsterers Int'l Union Health & Welfare Fund*, 686 F. Supp. 708, 713 (W.D. Wis. 1988) ("Because plaintiff has failed to satisfy the threshold requirement that a potential class exist, it is unnecessary to reach the question whether plaintiff's class meets the criteria of Rule 23(a).") *See also Fischer*, 2022 WL 971479, at *3 ("the class must be 'identifiable as a class,' meaning that the 'class definitions must be definite enough that the class can be ascertained.'") (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)).

Defendant claims that Plaintiff cannot identify "precise, objective criteria" to identify the prospective class of "all Illinois residents who have appeared in an advertisement preview for a CheckPeople report." (Doc. 1 at ¶ 31). In support, Defendant provides the sworn declaration of Kurt Johnson, Senior Software Engineering Manager for the company which manages the CheckPeople website. (Doc. 7 at 18). While this declaration is extrinsic to the pleadings it will be considered, as a court may "probe beyond the pleadings before coming to rest on the certification question." *Burns v. First Am. Bank*, No. 04-7682, 2006 WL 3754820, at *2 (N.D. Ill. Dec. 19, 2006).

Mr. Johnson attests that the "dynamic" elements of a search, such as the name of the individual being searched, is not kept in recorded form. Defendant claims that as a result, there is no way to identify those who have been the subject of CheckPeople preview reports. Defendant asserts, further, that even if it could identify individuals featured in the free previews, it could not determine which were Illinois residents "given that many names are shared by more than one person." Defendant asserts that it would contrary to the principle of judicial economy to allow

this case to proceed as a putative class action where no ascertainable class could be established. (Doc. 7 15-16) (citing *Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 410 (N.D. Ill. 2021)) (class allegations may be denied at the pleadings stage if "facially and inherently deficient, particularly when the dispute is not factual and discovery is unnecessary to resolve it.")

Plaintiff responds that, generally, a court should only decide the sufficiency of class allegations after "rigorous analysis." (Doc. 13 at 16) (citing *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003); and *Boatwright v. Walgreen Co.*, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011)) ("Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action a decision denying class status by striking class allegations at the pleading stage is inappropriate."). *See also Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (finding it impractical to determine the sufficiency of the class allegations at the pleadings stage unless "the complaint will make it clear that class certification is inappropriate.") (citing *Hill v. Wells Fargo Bank, N.A.,* 946 F.Supp.2d 817, 829–33 (N.D.Ill.2013)).

Plaintiff asserts that her identification of a putative class of Illinois residents featured in the CheckPeople previews sufficiently alleges an ascertainable class. (Doc. 13 at 17). *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) (finding that to be ascertainable, a class must be identified "by objective criteria rather than by, for example, a class member's state of mind.") The Court in *Mullins* also found that accepting Defendant's assertions as to ascertainability may be "particularly misguided when applied to a case where any difficulties encountered in identifying class members are a consequence of a defendant's own acts or omissions...." *Id.* at 668 (quoting *Birchmeier v. Caribbean Cruise Line, Inc.,* 302 F.R.D.

9

240, 250 (N.D. Ill. 2014)).

As noted, class allegations should not be dismissed unless "facially and inherently deficient…" *Texas Hill Country Landscaping,* 522 F. Supp. 3d at 410; *Buonomo*, 301 F.R.D. at 295. Where the dispute "is factual in nature and 'discovery is needed to determine whether a class should be certified,' a motion to strike the class allegations at the pleading stage is premature." *Buonomo*, at 295. Plaintiff asserts that she should be allowed to conduct discovery to determine whether Defendant's business records might yet be used to identify class members. The Court agrees, as it does not find that Mr. Johnson's declaration necessarily forecloses the possibility that an ascertainable class could be identified through discovery or further investigation. *See Mullins*, 795 F.3d at 669 (individuals may be identified as putative class members based on their own affidavits). Defendant's motion to dismiss the class allegations is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 7) is DENED in its entirety.

ENTERED this 9th day of August, 2022.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
