UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| SHERRY GAUL and STEPHANIE LUKIS, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs,*<br><br> v.<br><br>CHECKPEOPLE, LLC,<br><br>     *Defendant.* | Case No. 1:21-cv-01313-JES-JEH<br><br>Honorable Judge James E. Shadid<br><br>Magistrate Judge Jonathan E. Hawley |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiffs Sherry Gaul and Stephanie Lukis ("Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated against Defendant CheckPeople, LLC ("CheckPeople" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

**NATURE OF ACTION**

  1. Defendant owns and operates a website that sells "Reports" on people to the general public.

  2. Defendant sells access to its reports on its website: checkpeople.com.

  3. Upon accessing CheckPeople's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

  4. After entering this information, any public user of CheckPeople's website is provided with a listing of search results. Each search result corresponds to an actual person that CheckPeople has located who matches the name provided by the public user.

  5. These search results provide an initial, free preview of Defendant's "Reports." As shown below, this first free preview includes the searched individual's name (including middle

initials), age, current city and state of residence, the searched individual's relatives, and other identifying information. *See* Figure 1.



(**Figure 1**)

6.   Clicking on "Open Report" takes a user through several subsequent screens that tout the amount of information accessible on Defendant's website.

7.   Next, Defendant's website displays another free preview advertisement using the searched individual's name and other identifying information. *See* Figure 2.



(**Figure 2**)

2

8. After clicking "Continue To Report", a user is encouraged to enter personal details and click "Access & Continue", which introduces Defendant's pay screen. See Figure 3.



**(Figure 3)**

9. As shown in the screen flows presented above, CheckPeople's free previews provide enough information to identify an individual.

10. The purpose behind CheckPeople's free previews is singular: to advertise and convince visitors to enroll in and ultimately purchase its monthly subscription services, whereby users can access and retrieve "Reports" on any individual in its database.

11. As of October 26, 2021, to view any person's "Report" or other background histories generated by Defendant, a user must start a "3-Day Trial Pass" of Defendant's subscription services for $4.99, which automatically converts into a recurring, negative option subscription package costing $29.16 every month.

12. By previewing their information in connection with offers to subscribe to its services, Defendant uses Plaintiffs' personally identifiable information to entice viewers to purchase Defendant's subscription service.

13. The free preview and trial subscription are part of Defendant's overall efforts to sell its monthly subscription packages, which allows users to search the records of anyone in its database.

14. CheckPeople compiles and generates the content it sells on its website, including the advertising detailed herein.

15. The Illinois Right of Publicity Act ("IRPA") prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

16. Neither Plaintiffs nor Class members provided Defendant with written consent to use their identities in Defendant's advertisements. As detailed above, CheckPeople uses Class members' identities to advertise its for-profit services. Thus, Defendant violates the IRPA, 765 ILCS 1075/1, *et seq*.

17. Defendant purposefully subjects itself to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois residents. Indeed, this lawsuit revolves around Defendant's business practice of acquiring

identifying information about Illinois residents with the specific intent of selling that information to its customers.

18. Additionally, Defendant directly sells its services to consumers in Illinois.

## PARTIES

19. Plaintiff Sherry Gaul, formerly known as Sherry Rider, is a citizen of Illinois who resides in Normal, Illinois.

20. Plaintiff Stephanie Lukis is a citizen of Illinois who resides in Cook County, Illinois.

21. Defendant CheckPeople, LLC is a Delaware limited liability company with its principal place of business located at 111 North Orange Avenue, Suite 800, Orlando, Florida 32801.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, together with most members of the proposed Classes, are citizens of a state different from CheckPeople.

23. This Court has specific personal jurisdiction over Defendant because CheckPeople purposely advertises its product in this District using Plaintiffs' personal information and Plaintiffs' injuries resulted from Defendant's purposefully directed activities in this District.

24. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

25. Plaintiffs discovered that CheckPeople uses their names, ages, cities of domicile, and the identities of their relatives in advertisements on the CheckPeople website to advertise

5

and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Figures 1-3.

26. Plaintiffs believe that it is reasonable that others could identify them because Defendant's advertisements include accurate details about them.

27. Indeed, Plaintiff Gaul can confirm that the individual identified by Defendant in Figures 1-3 is herself.

28. Plaintiff Lukis appeared in advertisements substantially similar to those in Figures 1-3. These advertisements identify Plaintiff Lukis, including by using her name, age, location of residence, and identity of her relatives.

29. Plaintiffs never provided CheckPeople with consent to use any attribute of their identities in any advertisement or for any commercial purposes.

30. Plaintiffs are not and have never been CheckPeople customers. They have no relationship with CheckPeople whatsoever.

31. As the subjects of a commercial transaction, Plaintiffs' personal identifiable information disclosed by CheckPeople has commercial value. These aspects of Plaintiffs' personas are valuable to online advertisers, among others. Consumers regularly pay Defendant for this personally identifiable information.

32. Plaintiffs have not been compensated by CheckPeople in any way for its use of their identities.

## CLASS REPRESENTATION ALLEGATIONS

33. Pursuant to Federal Rule of Civil Procedure 23(b)(2), Plaintiff Gaul seeks to represent a class defined as all Illinois residents in CheckPeople's database between November 1, 2020 through the date of preliminary approval ("the Injunctive Class").

34. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiff Lukis seeks to represent a subclass defined as all members of the Injunctive Class (1) whose names were displayed on a search result page, (2) where their profiles were clicked on by a user who

subsequently purchased a CheckPeople subscription, (3) between November 1, 2020 through March 31, 2023 (the "Damages Class").

35. Members of the Classes are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

36. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a. Whether CheckPeople uses Class members' names and identities in advertisements for its own commercial benefit;

    b. Whether the conduct described herein constitutes a violation of the IRPA, 765 ILCS 1075/1, *et seq.*;

    c. Whether Plaintiffs and the Classes are entitled to injunctive relief;

    d. Whether Defendant was unjustly enriched; and

    e. Whether Defendant violated the privacy of members of the Classes.

37. The claims of the named Plaintiffs are typical of the claims of the Classes.

38. Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Classes. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay

and expense to all parties and multiplies the burden on the judicial system due to the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

### COUNT I
### Violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*

40. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

41. Plaintiffs bring this claim individually and on behalf of the members of the Classes.

42. The IRPA prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

43. As shown above, Defendant used Plaintiffs' and the putative Class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

44. Based upon Defendant's violation of the IRPA, Plaintiffs and Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiffs' and members of the Classes' names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff Lukis's and the Damages Class members' names and identities) or statutory damages of

$1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant as follows:

a. For an order certifying the Injunctive Class pursuant to Rule 23(b)(2) and the Damages Class pursuant to Rule (23)(b)(3), respectively, of the Federal Rules of Civil Procedure and naming Plaintiffs as the representatives of the respective Classes and Plaintiffs' attorneys as Class Counsel to represent members of the Classes;

b. For an order declaring the Defendant's conduct violates the statute referenced herein;

c. For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the Court finds appropriate; and

h. For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

Dated: March 21, 2024                    Respectfully submitted,

**SHERRY GAUL** and **STEPHANIE LUKIS**,
individually and on behalf of all others similarly

9

situated

By: /s/ Michael Ovca
One of Plaintiffs' Attorneys

Michael Ovca
movca@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiffs and the putative classes*