**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

SHERRY GAUL and STEPHANIE LUKIS,
individually and on behalf of all others similarly
situated,

                    *Plaintiffs,*

          v.

CHECKPEOPLE, LLC,

                    *Defendant.*

Case No. 21-cv-01313

Hon. James E. Shadid

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AGREEMENT**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in

Support of Preliminary Approval of Class Action Settlement, good cause being shown, and the

Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

    1.    Terms and phrases in this Order shall have the same meaning ascribed to them in

the Class Action Settlement Agreement, (dkt. 40-2).

    2.    Plaintiffs have moved the Court for an order preliminarily approving the

settlement of the Action in accordance with the Settlement Agreement, which, together with its

incorporated documents, sets forth the terms and conditions for a proposed settlement and

dismissal of the Action with prejudice. The Court having read and considered the Settlement

Agreement, and having heard the parties and being fully advised in the premises, preliminarily

approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred

to in this Order, certifies the Injunction Settlement Class and Damages Settlement Subclass for

purposes of settlement only and finds that the Injunction Settlement Class and Damages

Settlement Subclass defined below are likely to be certified for purposes of entering the Final

Approval Order, appoints Class Counsel and the Class Representatives, and approves the Notice

plan.

**Certification of the Settlement Classes**

3.    For purposes of settlement only and pursuant to Federal Rules of Civil Procedure

23(a) and (b)(2), the Court certifies the following Injunction Settlement Class as defined in the

Settlement Agreement:

> All Illinois residents in CheckPeople's database between
> November 1, 2020 through the date of this Order.

Excluded from the Injunction Settlement Class are: (1) any Judge or Magistrate presiding over

this Action and members of their families, and (2) CheckPeople, CheckPeople's subsidiaries,

successors, predecessors, and any entity in which CheckPeople has a controlling interest, and (3)

the legal representatives, successors, or assigns of any such excluded persons.

4.    The Court finds that, subject to the Final Approval Hearing referred to below, the

Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of

settlement only, that the Injunction Settlement Class likely satisfies the requirements of Rule 23

of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order,

specifically, that: the Injunction Settlement Class is so numerous that joinder of all members is

impracticable; there are questions of fact and law common to the Injunction Settlement Class

(*e.g.*, whether CheckPeople maintained a searchable database containing Plaintiffs' and the

Injunction Settlement Class Members' identifying information); Plaintiffs' claims are typical of

the claims of the members of the Injunction Settlement Class that they propose to represent;

Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Injunction

Settlement Class Members; and Defendant acted on grounds that apply generally to the

2

Injunction Settlement Class, such that the proposed injunctive relief is appropriate to the Injunction Settlement Class as a whole.

5.      For purposes of settlement only and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court certifies the following Damages Settlement Subclass as defined in the Settlement Agreement:

> All Injunction Settlement Class Members (1) whose names were displayed on a search result page (2) where their profiles were clicked on by a user who subsequently purchased a CheckPeople subscription (3) between November 1, 2020 through March 31, 2023.

Excluded from the Damages Settlement Subclass are: (1) any Judge or Magistrate presiding over this Action and members of their families, (2) CheckPeople, CheckPeople's subsidiaries, successors, predecessors, and any entity in which CheckPeople has a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Damages Settlement Subclass, and (4) the legal representatives, successors, or assigns of any such excluded persons.

6.      The Court finds that, subject to the Final Approval Hearing referred to below, the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Damages Settlement Subclass likely satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order, specifically, that: the Damages Settlement Subclass is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Damages Settlement Subclass (*e.g.*, whether CheckPeople used the Plaintiffs' and the Damages Settlement Subclass Members' identifying information to advertise or promote CheckPeople's subscription services); Plaintiffs' claims are typical of the claims of the members of the Damages Settlement Subclass that they

propose to represent; Plaintiffs and Class Counsel will fairly and adequately protect the interests

of the Damages Settlement Subclass; common questions of law or fact predominate over

questions affecting individual members of the Damages Settlement Subclass; and a class action

is a superior method for fairly and efficiently adjudicating the claims of the Damages Settlement

Subclass.

**Preliminary Approval of the Settlement**

7.    For purposes of settlement only, J. Eli Wade-Scott and Michael Ovca of Edelson

PC and Philip L. Fraietta of Bursor & Fisher, P.A are appointed Class Counsel for the Injunction

Settlement Class and Damages Settlement Subclass. The Court finds that these attorneys are

competent and capable of exercising the responsibilities of Class Counsel.

8.    For purposes of settlement only, Plaintiff Sherry Gaul is named the Injunction

Settlement Class Representative and Stephanie Lukis is named the Damages Settlement Subclass

Class Representative. The Court finds that both Plaintiffs will adequately protect the interests of

the respective Injunction Settlement Class and Damages Settlement Subclass defined above.

9.    The Court finds that, subject to the Final Approval Hearing, the Settlement

Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil

Procedure 23(e)(2), and is in the best interests of the Injunction Settlement Class and Damages

Settlement Subclass set forth above. The Court further preliminarily finds that the Injunction

Settlement Class and Damages Settlement Subclass substantially fulfill the purposes and

objectives of the class action mechanism, and the Settlement Agreement provides substantial

relief to the Injunction Settlement Class and Damages Settlement Subclass without the risks,

burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also

finds that the Settlement Agreement (a) is the result of arm's-length negotiations between

experienced class action attorneys with the assistance of the Hon. Morton Denlow (ret.) of JAMS; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Injunction Settlement Class and Damages Settlement Subclass; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**<u>Notice and Administration</u>**

10.     The Court approves, as to form, content, and distribution, the Notice plan and all forms of Notice to the each of the Injunction Settlement Class and Damages Settlement Subclass as set forth in the Settlement Agreement and Exhibits thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Damages Settlement Subclass of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement Agreement, and to exclude themselves from the Damages Settlement Subclass. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

11.     The Court further finds that no direct individual notice needs to be given to Injunction Settlement Class Members who are not Damages Settlement Subclass Members. The proposed media notice is sufficient as to the Injunction Settlement Class.

12.     The Court approves the request for the appointment of Simpluris, Inc. as

Settlement Administrator under the Settlement Agreement.

13.     Pursuant to 4.2 of the Settlement Agreement, the Settlement Administrator shall send direct Notice as called for under the Settlement by the Notice Date, shall provide Notice on the Settlement Website within fourteen (14) days after entry of this Order, and shall place advertisements on the specified social media platforms reasonably targeted at members of the Settlement Classes, which shall direct them to the Settlement Website, by the Notice date.

**Exclusion**

14.     All persons who meet the definition of any of the Damages Settlement Subclass and who wish to exclude themselves from the Damages Settlement Subclass must submit their request for exclusion in writing on or before the Objection/Exclusion Deadline of September 10, 2024, [*81 days after entry of this Order*]. Any members of the Damages Settlement Subclass so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15.     To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Gaul v. CheckPeople, LLC*, No. 21-cv-01313 (C.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the settlement in *Gaul v. CheckPeople, LLC*, No. 21-cv-01313 (C.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement

Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain a Damages Settlement Subclass and shall be bound by this Settlement Agreement, if approved. No person may request to be excluded from the Damages Settlement Subclass through "mass" or "class" opt-outs, meaning, *inter alia*, that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

**<u>Objections</u>**

16.    Any Injunction Settlement Class and Damages Settlement Subclass Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Approval Order being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive awards to the Class Representatives as set forth in the Notice and Settlement Agreement. To object, Injunction Settlement Class and Damages Settlement Subclass Members must sign and file a written objection on or before the Objection/Exclusion Deadline.

17.    To be valid, the written objection must be personally signed by the objector and otherwise comply with the objection procedures set forth in the Settlement Agreement and Notice including stating: (a) the person's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Injunction Settlement Class and/or Damages Settlement Subclass, (c) whether the objection applies only to the objector, to a specific subset of the Injunction Settlement Class and/or Damages Settlement Subclass, or to the entire Injunction Settlement Class and Damages Settlement Subclass, (d) the specific grounds for the objection, (e) all documents or writings that the person desires the Court to consider, (f) the name

and contact information of any and all attorneys representing, advising, or in any way assisting

the objector in connection with the preparation or submission of the objection or who may profit

from the pursuit of the objection, and (g) a statement indicating whether the objector intends to

appear at the Final Approval Hearing (either personally or through counsel, who must file an

appearance or seek *pro hac vice* admission).

18.     To be valid, all written objections must be filed with the Court and postmarked, e-

mailed, or delivered to Class Counsel and Defendant's Counsel no later than the

Objection/Exclusion Deadline.

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Eli Wade-Scott | Stephen J. Rosenfeld |
| ewadescott@edelson.com | srosenfeld@mcdonaldhopkins.com |
| Edelson P.C. | McDonald Hopkins LLC |
| 350 North LaSalle Street, 14th Floor | 300 North LaSalle Street, Suite 1400 |
| Chicago, Illinois 60654 | Chicago, Illinois 60654 |

19.     In addition, any objections made by an Injunction Settlement Class or Damages

Settlement Subclass Member who is represented by counsel must be filed through the Court's

CM/ECF system.

20.     Any Injunction Settlement Class and Damages Settlement Subclass Member who

fails to timely file a written objection with the Court and notice of his or her intent to appear at

the Final Approval Hearing in accordance with the terms of this Section as detailed in the Notice,

and at the same time provide copies to designated counsel for the Parties, shall not be permitted

to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from

seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other

means, and shall be deemed to have waived his or her objections and be forever barred from

making any such objections in the Action or in any other action or proceeding.

**Claims Deadline**

21.    All Claim Forms must be postmarked or submitted on the Settlement Website by September 10, 2024, [*81 days after entry of this Order*]. (the "Claims Deadline") to be considered timely.

**Final Approval Hearing**

22.    The Final Approval Hearing shall be held before this Court on October 31, 2024, at 11:00 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to Injunction Settlement Class and Damages Settlement Subclass Members.

23.    Class Counsel shall file papers in support of any request for a Fee Award and the Class Representatives' incentive awards (collectively, the "Fee Petition") with the Court on or before August 23, 2024. The Fee Petition shall be filed with the Court and be promptly posted to the Settlement Website.

24.    Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before October 17, 2024,

IT IS SO ORDERED, this 20th day of June 2024.


                                                           s/James E. Shadid

                                                 HON. JAMES E. SHADID

                                                 UNITED STATES DISTRICT JUDGE