E-FILED
Thursday, 31 October, 2024  02:59:52 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

FILED
OCT 31 2024
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SHERRY GAUL and STEPHANIE LUKIS,
individually and on behalf of all others
similarly situated,

*Plaintiffs*,

v.

CHECKPEOPLE, LLC,

*Defendant*.

Case No. 21-cv-01313

Honorable James E. Shadid

**<u>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE</u>**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in Support of Final Approval of Class Action Settlement (dkt. 46) and Plaintiffs' Motion for and Memorandum in Support of Attorneys' Fees, Expenses, and Incentive Awards (dkt. 43), the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on October 31, 2024,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Unless otherwise defined, terms and phrases in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement, (dkt. 46-2).

2.      This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Injunction Settlement Class and Damages Settlement Subclass Members.

3.      On June 20, 2024, this Court preliminarily approved the Settlement Agreement. (Dkt. 42.)

4.      Pursuant to Federal Rules of Civil Procedure 23(b)(2), the Court certified, for

settlement purposes, the following Injunction Settlement Class:

> All Illinois residents in CheckPeople's database between November 1, 2020
> through the date of the preliminary approval order, June 20, 2024.

Excluded from the Injunction Settlement Class are: (1) any Judge or Magistrate presiding over

this Action and members of their families, and (2) CheckPeople, CheckPeople's subsidiaries,

successors, predecessors, and any entity in which CheckPeople has a controlling interest, and (3)

the legal representatives, successors, or assigns of any such excluded persons.

5.      Additionally, pursuant to Federal Rules of Civil Procedure 23(b)(3), the Court

certified, for settlement purposes, the following Damages Settlement Subclass.

> All Injunction Settlement Class Members (1) whose names were displayed on a
> search result page (2) where their profiles were clicked on by a user who
> subsequently purchased a CheckPeople subscription (3) between November 1,
> 2020 through March 31, 2023.

Excluded from the Damages Settlement Subclass are: (1) any Judge or Magistrate presiding over

this Action and members of their families, (2) CheckPeople, CheckPeople's subsidiaries,

successors, predecessors, and any entity in which CheckPeople has a controlling interest, (3)

persons who properly execute and file a timely request for exclusion from the Damages

Settlement Subclass, and (4) the legal representatives, successors, or assigns of any such

excluded persons.

6.      The Court now confirms final certification of the Injunction Settlement Class and

the Damages Settlement Subclass (together, the "Settlement Classes") for purposes of entering

final judgment.

7.      Notice to the Damages Settlement Subclass has been provided in accordance with

the Court's Order granting Preliminary Approval, and the substance of and dissemination

program for the Notice—which included direct notice via email and U.S. Mail and three rounds

of email reminder notices—provided the best practicable notice under the circumstances. The

Notice reached 97.28% of the Damages Settlement Subclass. Notice was reasonably calculated

to apprise Damages Settlement Subclass Members of the pendency of the Action and their rights

to object to or exclude themselves from the Settlement Agreement, that they would be bound by

all order unless excluded, and the option to appear at the Final Approval Hearing; was reasonable

and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the

United States Constitution, and the rules of this Court. Per the Court's preliminary approval

order, no notice was required to be provided to the Injunction Settlement Class. (Dkt. 42.)

8.    The Court finds that the appropriate government officials were properly and

timely notified of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715. (Dkt. 46-3 ¶ 5.) As required by CAFA, more than ninety (90) days

have elapsed between the date since notice was provided pursuant to CAFA and the Final

Approval Hearing.

9.    The Settlement Agreement was the result of arm's-length negotiations conducted

in good faith by experienced attorneys familiar with the legal and factual issues of this case, was

reached with the assistance of Hon. Morton Denlow (ret.) of JAMS, and is supported by the

Class Representatives and Class Counsel. The Class Representatives and Class Counsel

adequately represented the Settlement Classes for purposes of entering into and implementing

the Settlement Agreement.

10.    The Court has considered each of the factors set forth in Federal Rule of Civil

Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit.

*See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Injunction Settlement Class Members and Damages Settlement Subclass Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, the lack of any objections to the settlement by Injunction Settlement Class Members or Damages Settlement Subclass Members, and the reported rate of Approved Claims by Damages Settlement Subclass Members. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to the Damages Settlement Subclass is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

11. No Injunction Settlement Class Members or Damages Settlement Subclass Members have objected to any of the terms of the Settlement Agreement, and no individuals have opted out of the Damages Settlement Subclass. (Dkt. 46-3).

12. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Injunction Settlement Class Members and Damages Settlement Subclass Members are bound by the terms and conditions of the Settlement Agreement.

13. Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

14. Subject to the terms and conditions of the Settlement Agreement, this Court

hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice.

15.     Upon the Effective Date of the Settlement Agreement, Plaintiff Lukis and each Damages Settlement Subclass Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, shall be deemed to have fully, finally, and forever released, acquitted, relinquished and completely discharged (1) Defendant CheckPeople, LLC, and its (2) parents, (3) principals, investors, controlling shareholders, trustees, estates, heirs, executors, and administrators, and (4) the officers, directors, shareholders, employees, attorneys, representatives, agents, insurers, reinsurers, vendors, successors, predecessors, and assigns of the foregoing from any and all past and present claims or causes of action, brought or that could have been brought, including Unknown Claims and claims for injunctive relief permitted under 765 ILCS 1075/50, arising from the alleged use of a person's identity, name, age, contact information, residence location, former residence locations, list of possible relatives, likeness, photograph, image, or other identifying information to advertise, promote, or in connection with an offer for sale of any products or services on Defendant's website, checkpeople.com, including any violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq*. Injunction Settlement Class Members who are not Damages Settlement Subclass Members are not Releasing Parties and are therefore not subject to this release.

16.     The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of any Injunction Settlement Class Members or Damages Settlement Subclass Members.

17.     The Court awards to Class Counsel a fair and reasonable attorneys' fee, which

shall include all attorneys' fees and reimbursable expenses associated with the Action, in the

total amount of $878,276.00. This amount shall be paid from Settlement Fund pursuant to the

terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has

considered the prevailing market rates for counsel in similar litigation to approximate the terms

that Class Counsel and the absent Injunction Settlement Class Members and Damages Settlement

Subclass Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid*

*Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here,

which equates to 35% of the Settlement Fund less the amount paid for Settlement Administration

Expenses and the incentive awards to Plaintiffs, is in line with fee awards provided in similar

statutory privacy cases in this District and is reasonable in light of both the substantial risk that

Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately

obtained for the Settlement Classes.

18.    The Court awards the following incentive awards to the Class Representatives:

$1,000.00 to Plaintiff Gaul and $1,000.00 to Plaintiff Lukis. These amounts shall be paid

pursuant to the terms in the Settlement Agreement.

19.    The Court approves the payment of all reasonable Settlement Administration

Expenses to the Settlement Administrator.

20.    To the extent that any check issued to a Damages Settlement Subclass Member

pursuant to the Settlement Agreement is not cashed within one hundred and eighty (180) days of

issuance or an electronic deposit is unable to be processed within one hundred and eighty (180)

days of the first attempt, such residual funds shall revert to the Settlement Fund to be distributed

*pro rata* to Damages Settlement Subclass Members with Approved Claims if practicable. If

redistribution is not feasible or if residual funds remain in any Settlement Fund after

redistribution, Class Counsel shall file a motion with the Court proposing an appropriate distribution of any residual funds.

21.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Parties agree that they will submit to the jurisdiction this Court as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order.

IT IS SO ORDERED, this ___31___ day of October, 2024.

s/James E. Shadid

HON. JAMES E. SHADID
UNITED STATES DISTRICT COURT